Margarita RODRIGUEZ, et al., Appellants,

v.

YSLETA INDEPENDENT SCHOOL DISTRICT, et al., Appellees.

No. 08–82–00219–CV.

Court of Appeals of Texas, El Paso.

Nov. 30, 1983.

**548**

Susan Munder Urbieta, El Paso, for appellant.

Francis C. Broaddus, Jr., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

Margarita Rodriguez as next friend of Mirella Hermosillo, a school-age child, filed suit against the Ysleta Independent School District and its officials alleging that the district's admissions policy prohibited the child from a tuition free public school education since she lives apart from her parent or lawful guardian, even though her residence in the district was established separate and apart from a desire to obtain a free public school education. Plaintiffs complain that the school's policy violates the terms of Tex.Educ.Code Ann. sec. 21.-031, as well as the equal protection and due process clauses of the United States and Texas constitutions. Trial was to the court which denied all relief to the Plaintiffs. Findings of fact were requested and filed. We affirm.

Mirella Hermosillo was a six-year-old child at the institution of this suit. At the age of six months, she was left by her natural mother in the care and control of Margarita Rodriguez, a relative and minor's next friend. Both are citizens of the United States. Mrs. Rodriguez and her husband are permanent residents of the Ysleta Independent School District. Since the time that the child was placed with her, Mrs. Rodriguez and her husband have treated Mirella as one of their children and have provided her sole support. She has resided with them at all times within the boundary of the school district. For the past four years, the natural parents have not been seen and their whereabouts are presently unknown. The trial court's findings of fact are unchallenged in this proceeding and among the pertinent ones to this appeal are the following:

(1) Margarita Rodriguez and her husband are the only people who have provided for the physical and emotional needs of the minor child since she was placed with them. Except for securing the tuition free admission of the

minor to the school district, they have encountered no difficulty in seeing that all the child's needs, including medical attention, have been met. The living arrangement of the child with her adult caretakers is stable and of a permanent nature and the child is a defacto member of the family unit with which she resides.

(2) The caretaker, Margarita Rodriguez, does not desire to become the legal guardian or legal custodian of the minor child at this time.

(3) The child, does not reside in the Ysleta Independent School District for the primary purpose of attending the public free schools of that district. She is a bona fide "resident" of the district as that term is used in Tex. Educ.Code Ann. sec. 21.031(d).

(4) The child was granted admission into the public schools of the school district in August, 1981. Her continued tuition free admission was contingent upon her adult caretakers securing a legal guardianship or other court ordered relationship with the child pursuant to the school district's policy.

(5) The continued tuition free attendance of the minor child in the public schools of the district has been threatened and is in jeopardy because the adult caretaker did not secure a guardianship or other kind of court ordered relationship with the child.

(6) The written admissions policy of the school district in regard to residency appears in Policy JEB adopted on September 17, 1980, Policy JECA adopted on August 5, 1980, and Regulation JECA–R approved on September 17, 1980.

(7) It is the policy and practice of the school district to deny tuition free admission into its public schools in those cases where a child between the ages of five and eighteen years lives separate and apart from parent, guardian or other person having lawful control of him under an order of a court. The school district does not recognize any situation in which a minor child can separately establish its own residency for the purpose of securing tuition free admission into its public schools.

Among significant conclusions of law filed by the court were the following:

(1) The Plaintiffs are not entitled to the declaratory or injunctive relief requested.

(2) Section 21.031(d) of the Texas Education Code provides that minor children who do not reside with parent, guardian or other court appointed guardian are eligible for tuition free admission into the public schools if they are a bona fide resident of the district and do not reside in the district for the primary purpose of attending school.

(3) Under the test for bona fide residency set forth in Section 21.031(d), the child would be eligible for tuition free admission into the public schools of the school district, and the policy and practice of the school district which denies tuition free admission in the public school to minor students who live separate and apart from parent, guardian or other person having lawful control of them under an order of a court, is not consistent with Section 21.031 of the Texas Education Code.

(4) Section 23.26 of the Texas Education Code gives the board of trustees of an independent school district the exclusive power to manage and govern the public free schools of the district and adopt such rules, regulations and bylaws as they deem proper. Pursuant to that section, the school district has the discretion to adopt those residency and eligibility policies it deems necessary and proper.

(5) The policies and practices of the school district as challenged herein, although inconsistent with Section 21.031 of the Texas Education Code, were promulgated and adopted pursuant to the broad grant of discretionary powers conferred upon indepen-

dent school districts in Section 23.26 of the Texas Education Code and are not violative of state law.

(6) The policies and practices of the school district as challenged herein are not violative of the equal protection clause guarantees of either the United States Constitution or the Texas Constitution.

(7) The policies and practices of the school district are not violative of the due process guarantees of either the United States Constitution or the Texas Constitution.

The Plaintiffs' first point complains that the challenged policies and practices of the school district are invalid and violative of Section 21.031 of the Texas Education Code, as it then existed. That section provides that in order for a person under the age of eighteen years to establish a residence for the purpose of attending the public free schools separate and apart from a parent, guardian or other person having lawful control of him under order of the court, it must be established that his presence in the school district is not for the primary purpose of attending the public free schools. The second sentence of paragraph (d) then expressly gives the board the right and responsibility to set the guidelines for establishing residence within the school district.

The Plaintiffs' position has been effectively overruled by the holding in *Jackson v. Waco Independent School District*, 629 S.W.2d 201 (Tex.App.—Waco 1982, writ ref'd n.r.e.). There the facts were closely analogous to those before us, although the school board was also acting under the immediate threat of a federal desegregation order that made the administrative determination of a child's real residency more imperative. The court stressed that with regard to the authority of school trustees it has uniformly been held that the courts will not interfere in such matters unless there is a clear abuse of power and discretion, and that Article 21.031(d) does not purport to exclude other reasonable restrictions by a school district on a student regarding proof

of residence. The court then relied on the powers given by Tex.Educ.Code sec. 23.26 providing that the trustees shall have exclusive powers to manage and govern the public free schools of the district and that they may adopt such rules, regulations and by-laws as they may deem proper. Based on that, the court held that Section 23.26 permitted the school district to make the additional requirement with regard to residency.

In the case before us, the school district offered evidence that the district does not have the economic resources to maintain a trained staff to investigate in full the background of applicants for admission who do not reside with either the natural parents, or other persons having lawful control of them under an order of a court, since the district is very substantially impacted by applications made by students residing within neighboring school districts and by residents of the Republic of Mexico who are seeking admission to the schools of the Ysleta District. The testimony recognized that the district abounds the Mexican boundary for many miles and that in attempting to furnish an education to over 46,000 students, the district has to constantly deal with the question of parental or court ordered custodial consent with relation to many other varied functions and activities which are a part of its programs. These activities and programs include those relating to medical treatment for ill or injured students both on campus and during school sponsored field trips and athletic events; special education of the handicapped under Public Law 94–142 wherein constant consultation and parental consent is vital to all admission, review and dismissal committee decisions and to the establishment of an individual educational plan for each handicapped student; participation in University Interscholastic League athletic and scholarship contests; enforcement of the compulsory attendance laws of the State of Texas; compliance with the Family Education Rights and Privacy Act of 1974; the discipline and suspension of students, including the need for guaranteeing

the due process of rights of each and every student and his parents and the use of corporeal punishment where warranted; compliance with Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendment of 1972 and federally involved programs such as Headstart and Bilingual Education. In many instances, the school district must contact a parent or guardian or at least a parent or person standing in parental relation to a child. In such situations factual determination of whom to deal with becomes pressing.

 While the trial court made no specific findings in regard to those specific instances where the school district must contact a parent or guardian, we hold that these implied findings of the court are supported by the evidence and were used by the court to make its general finding supporting the judgment. 4 R. McDonald, Texas Civil Practice sec. 16.09 (Texas Practice 2d ed. 1971). We note further that while the question of mootness is not before us, the legislature has since this trial expanded the terms of Section 21.031(d) by adding thereto the phrase "and may adopt reasonable guidelines for making a determination as necessary to protect the best interests of students". That amendment became effective September 1, 1983, and gives added emphasis to the power of the school board to make additional regulations under the subsection (d). We hold that the additional requirement made by the Ysleta Independent School District is valid where it requires the showing that a child resides with a parent, guardian or other court ordered relation notwithstanding the provisions of Section 21.031(d). The Plaintiffs' first point is overruled.

 In the second point of error, the Plaintiffs assert the challenged policies and practices of the Ysleta Independent School District are violative of the equal protection clause of the United States Constitution and of the Texas Constitution. Their argument is directed to the district's alleged unconstitutional discrimination against a classification of people without a showing of compelling state interest. The Supreme Court of the United States has recently held that Section 21.031 itself satisfies constitutional standards and the equal protection clause, and that standing alone it provides a bona fide residential requirement in the field of public education. *Martinez v. Bynum,* —— U.S. ——, 103 S.Ct. 1838, 75 L.Ed.2d 879 (1983). The court reaffirmed the authority of the board of trustees of an independent school district in Texas to manage and govern the public free schools of the district and to adopt such rules and regulations as they may deem proper, specifically including the establishment of local residence requirements in the public school context. In that case, the additional requirement that a child eligible under the terms of the statute should also have a legal guardian or custodian was not before the court. However, the state has a reasonable interest in pursuing administrative efficiency and planning. *De Leon v. Harlingen Consolidated Independent School District,* 552 S.W.2d 922 (Tex.Civ.App.—Corpus Christi 1977, no writ). Because of that and for reasons previously given, we hold that the challenged requirement is one reasonably related to the needs of this school district and did not create a denial of equal protection. The equal protection argument and point is overruled.

 In their final point, the Plaintiffs assert that the policies and practices of the school district are violative of the due process clauses of the United States Constitution and of the Texas Constitution.

As we understand the school policy, it requires that all children that are in the Plaintiffs' classification have the court appointment and that no exceptions are provided. If they have the court appointment, then they are entitled to admittance to the school. It is not a question here of an administrative hearing that doesn't afford due process. The point is overruled.

The judgment of the trial court is affirmed.