**Linda BYRD, et al.**

v.

**LIVINGSTON INDEPENDENT SCHOOL DISTRICT.**

**No. L–87–120–CA.**

United States District Court, E.D. Texas, Lufkin Division.

Oct. 23, 1987.

Jane K. Swanson, East Texas Legal Services, Huntsville, Tex., for plaintiffs.

Bill Jones, Bush & Jones, Livingston, Tex., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, & ORDER OF THE COURT

ROBERT M. PARKER, District Judge.

### I. Introduction

■ This case involves an American child's right to free public education in the state of Texas. The plaintiffs are the grandmothers of three minor children aged 5, 7, and 10 respectively. On September 8, 1987, this court granted a Temporary Restraining Order mandating the children's immediate enrollment in Livingston I.S.D. The plaintiffs' claims for injunctive relief rested primarily on two theories: (1) the Equal Protection Clause of the 14th Amendment; and (2) Tex.Educ.Code Ann. § 21.031 (Vernon 1987). At the request of the school district's attorney, the hearing on the Preliminary Injunction was rescheduled for September 23, 1987, and the temporary injunction was extended until that time. On September 23, 1987, this court conducted a hearing in open court to consider the plaintiff's Motion for a Preliminary Injunction. A preliminary injunction may be issued when four prerequisites are satisfied: (1) the moving party has a substantial likelihood of success on the merits of the case; (2) the moving party will suffer irreparable harm if the injunction is not granted; (3) the threatened harm to the moving party outweighs any potential injury the injunction may cause the opposing party; and (4) the injunction, if issued, will not be adverse to the public interest. *Star Satellite, Inc. v. City of Biloxi,* 779 F.2d 1074, 1079 (5th Cir.1986). This court granted the preliminary injunction, and the defendant was given 30 days to raise factual issues. Today, the defendant's counsel informed the court that no genuine issue of fact exists. The question now before this court is whether the temporary injunction should be fashioned into permanent relief.

After due consideration of the pleadings, briefs, and arguments of both sides, the Court is of the opinion that the following Findings of Fact and Conclusions of Law are appropriate.

## II. Findings of Fact

1. On September 23, 1987, the parties stipulated in open court to the following:

A. Michael Pate is five (5) years old, a United States citizen, and the grandson of the plaintiff Linda Byrd. Linda Byrd is a resident of the Livingston Independent School District. The child has resided with his grandmother for approximately 4.5 years, and it is *undisputed* that the child has *not* resided with the plaintiff for the primary purpose of attending public school in the Livingston Independent School District. Linda Byrd is not the child's legal guardian.

B. Jerry Thrasher (age 10) and Richard Thrasher (age 7) reside with their grandmother, plaintiff Mary Thrasher, and both minors are citizens of the United States. Mary Thrasher is a resident of the Livingston Independent School District. The children have resided with their grandmother for the majority of the time period from 1982–1986, and 1987 to the present. Again, it is *undisputed* that the children have *not* resided with the plaintiff for the primary purpose of attending public school in the Livingston Independent School District. The plaintiff is not the children's legal guardian.

2. The court finds that all three minor children reside in the Livingston Independent School District, and furthermore that each child is independently a *bona fide* resident of the Livingston Independent School District.

## III. Conclusions of Law and Opinion

A. *Texas Educ.Code Ann. § 21.031 (Vernon 1987)*

The residency requirement with regard to free public education in Texas currently states:

(b) Every child in this state who is a citizen of the United States or a legally admitted alien and who is over the age of five years and not over the age of 21 years on the first day of September of the year in which admission is sought *shall be* permitted to attend the public free schools *of the district in which he resides or in which his parent, guardian, or the person having lawful control of him resides* at the time he applies for admission.

(c) The board of trustees of any public free school district of this state *shall admit* into the public free schools of the district free of tuition all persons who are either citizens of the United States or legally admitted aliens and who are five and not over 21 years of age at the beginning of the scholastic year *if such person or his parent, guardian, or person having legal control resides within the school district.* Texas Educ.Code Ann. § 21.031(b–c) (Vernon 1987) (emphasis added).

If, but only if, the child seeks to establish a residence separate and apart from his parent, guardian, or person having legal control over him, the next subsection becomes pertinent:

(d) In order for a person under the age of 18 years to establish a residence for the purpose of attending the public free schools *separate and apart from his parent, guardian, or other person having lawful control of him* under an order of a court, it must be established that his presence in the school district is not for the primary purpose of attending their public free schools. The board of trustees shall be responsible for determining whether an applicant for admission is a resident of the school district for purposes of attending the public schools, and may adopt *reasonable* guidelines for making a determination as necessary to protect the best interest of students. Texas Educ.Code Ann. § 21.031(d) (Vernon 1987) (emphasis added).

The defendant school district argues that: (1) a child can not independently establish his or her residence; and (2) in order to be a "person having lawful control" of the child, the adult with custody

must first initiate some type of judicial proceeding. This court disagrees.

■ Texas children have a statutory right to attend public schools in the district in which either: (1) the child resides if he did not establish his residence for the primary purpose of attending the school, *see* Tex.Educ.Code Ann. § 21.031(b) & (d) (Vernon 1987); *or* (2) the child's parent, guardian, or person having legal control over him resides at the time the child applies for admission. Tex.Educ.Code Ann. § 21.031(b) & (c) (Vernon 1987). *The test is disjunctive.* A careful reading of *Martinez v. Bynum*, 461 U.S. 321, 332–33, 103 S.Ct. 1838, 1844–45, 75 L.Ed.2d 879 (1983) reveals that the United States Supreme Court read the same Texas statute disjunctively. Generally, in order to establish a residence, one must show a physical presence and an intention to remain. *Martinez*, 461 U.S. at 331, 103 S.Ct. at 184. The defendant does not dispute either the fact that the children in the present case physically reside in the Livingston School District, nor that the children intend to remain. By any reasonable definition of the word, the children have independently established their residence in the Livingston Independent School District.

■ The question as to whether a person has legal control over the child arises only if the child established his residence for the primary purpose of attending the particular school. Again, it is undisputed that these children do not reside with their grandmothers for the primary purpose of attending Livingston schools. The clear and unambiguous language of the Texas statute requires this court to disagree with *Rodriguez v. Ysleta Ind. School Dist.*, 663 S.W.2d 547, 551 (Tex.App.—El Paso, 1983, no writ) (holding that school district may adopt regulations requiring a showing that the child resides with parent, guardian, or other court ordered relation notwithstanding Tex.Educ.Code Ann. § 21.031). Although school officials have broad discretion with regard to defining residence within a district, *Daniels v. Morris*, 746 F.2d 271, 277 (5th Cir.1984), surely the administrative adoption of regulations cannot contradict the plain meaning of the statute itself.

Furthermore, both sides agree that the grandmothers' custody was *not* unlawful. In this sense and as applied to these facts, this court has determined that the alternative portion of the disjunctive statute is satisfied as well.

### B. The Equal Protection Clause of the Fourteenth Amendment

■ Notwithstanding the fact that the Texas statute clearly permits these children to independently establish their residence for purposes of attending the Livingston Independent School District, *on these facts* the defendant's denial of admission to these children violates the Equal Protection Clause of the Fourteenth Amendment. In *Martinez v. Bynum*, 461 U.S. 321, 333, 103 S.Ct. 1838, 1845, 75 L.Ed.2d 879 (1983), the United States Supreme Court merely held that Texas could constitutionally impose a reasonable residency requirement as a prerequisite to attending free public schools. Justice Powell, writing for the majority, was careful to point out that the statute was constitutional on its face, and that the Court was not considering whether § 21.031(d) might be unconstitutional *as applied. Martinez*, 461 U.S. at 330 n. 10, 103 S.Ct. at 1843 n. 10.

Undeniably, the school district and state legislature have important interests justifying the imposition of a residence requirement. Illegal immigration and "white flight" are the two prime examples of important state concerns. However, both sides agree that neither of interests are involved in the present case. Requiring each grandmother to initiate costly and time-consuming judicial proceedings as a prerequisite to allowing these children to attend the Livingston schools can not be justified in this case. Other reasonable alternatives exist. For instance, the school district has rejected the idea that a validly executed power of attorney could deliver lawful control to the grandparents. Therefore, each child's right to attend the public school in the district in which he or she resides substantially outweighs any mini-

mal state interest. This court must expressly disagree with the Texas appellate court in *Jackson v. Waco Ind. School Dist.*, 629 S.W.2d 201, 203 (Tex.App.—Waco, 1982, writ ref'd n.r.e.). *Jackson* is also easily distinguishable in that the policies involved there were a part of a program designed to implement a federal court's desegregation order—a very important state interest. *Id.*, at 205. No such overriding interest is present here. In *Horton v. Marshall Public Schools*, 769 F.2d 1323, 1334 (8th Cir.1985), the Eighth Circuit held that a school district's policy of "excluding minor children from school unless the child has a parent or legal guardian living in the district violates the equal protection and due process clauses." This court agrees. *Cf. Moore v. City of East Cleveland*, 431 U.S. 494, 506, 97 S.Ct. 1932, 1939, 52 L.Ed.2d 531 (1977) (invalidating ordinance which interfered with child living with his grandmother; nontraditional family living arrangements are protected).

This Equal Protection analysis should be limited to the particular facts presented in this case. Indeed, there may be similar cases where the state or school board may be able to articulate and demonstrate important state interests. That simply is not the case here. In short, the arbitrary construction placed on the Texas statute by the school district requires this court to determine that the statute, *as applied to these children*, violates the Equal Protection clause of the Fourteenth Amendment.

### IV. Conclusion

To recapitulate, the court holds:

(1) As a matter of statutory interpretation, Tex.Educ.Code Ann. § 21.031 (Vernon 1987) provides a disjunctive test of residency. Since each child is independently a *bona fide* resident of the Livingston Independent School District, they are entitled to attend school there;

(2) Since the plaintiff grandmothers are not exercising unlawful control over these children, and the minors did not move into the school district for the primary purpose of attending school there, the court has determined that the plaintiffs are exercising "lawful control" over these children within the meaning of Tex.Educ.Code Ann. § 21.031 (Vernon 1987). Accordingly, *both* of the disjunctive prongs of the Texas residency requirement have been satisfied;

(3) To the extent that the school district interprets the state statute to exclude minor children from school unless the child has a parent or legal guardian living in the district, the statute, *as applied to these children*, violates the Equal Protection Clause of the Fourteenth Amendment. Other less burdensome reasonable alternatives exist to protect the interest of the state and the school district.

### V. Order

No genuine issue of fact remains in the above styled case. In accordance with these Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED, AND DECREED that the Livingston Independent School District be permanently enjoined from preventing the admission and enrollment of these children in the Livingston schools. Attorneys for the plaintiffs have 20 days from the filing date of this order to submit affidavits concerning attorneys' fees.